UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:23-CR-55-HAB |
| ) | |
| JAMARRI J. PRICE ) | |

**OPINION AND ORDER**

Defendant was indicted on two firearms-related counts after officers executed a search warrant at a property on Gay Street in Fort Wayne, Indiana ("Gay Street Residence"). Defendant now moves to suppress the evidence found at the Gay Street Residence, arguing that the search warrant affidavit ("Affidavit") fails to establish probable cause that contraband would be found there. (ECF No. 17). That motion is now fully briefed (ECF Nos. 18, 20, 23) and ready for ruling.

**I.     Factual Background**

When an "affidavit is the only evidence presented to the warrant-issuing magistrate, the warrant must stand or fall solely on the contents of the affidavit." *United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002) (quotation omitted). That's the case here, so the Court will confine its discussion of the facts to those in the Affidavit.

In March 2023, an anonymous tip was received by the Crime Stoppers tip line.[1] In summary, the tip provided the following information:

- Defendant's Instagram handle and phone number;

- Defendant sold drugs by having individuals "pull up somewhere around his house" where he would meet them;

---

[1] Crime Stoppers is a local organization that allows members of the public to make anonymous tips via phone, app, and on its website. *See* www.crimestoppersfw.org.

- Defendant got drugs from Detroit and then stored them at his mother's house on Gay Street;

- Defendant was usually armed with pistols and automatic weapons; and

- Defendant was affiliated with the RTL gang.

(ECF No. 17-1 at 1). The "tip narrative" stated:

> Jamarri Price, who is currently on probation, is selling pounds of marijuana out of his mother's residence at XXXX Gay Street. He promotes it on his social media. His Instagram is @rackedupjp_. On there, he promotes the selling of weed and Perc 30s, which is Fentanyl.

(*Id*. at 2). Two more anonymous tips were made on the Crime Stoppers tip line in May 2023, both repeating that Defendant was advertising controlled substances for sale on his Instagram account. The tips identified marijuana, fentanyl, and narcotic cough syrup as the drugs being advertised.

In June 2023, Defendant was involved in an unrelated traffic stop while driving a black Chevrolet Malibu. Officers smelled the "overpowering odor of marijuana" coming from the car and asked Defendant to exit. During a resulting search, officers found a Glock pistol backplate. Defendant told officers that a "friend" had removed the backplate so that the friend could install a custom backplate. According to Det. M. Deshaies ("Deshaies"), the officer who drafted the Affidavit, backplates are often removed from Glock pistols and replaced with "a manufactured sear," which converts the pistol to a fully automatic machine gun.

At some point, Deshaies "conducted a social media investigation for" Defendant after discovering that Defendant had a prior felony conviction and could not possess a firearm. Deshaies found that the Instagram account identified in the March 2023 tip listed Defendant's birthday and confirmed that "jp," the last two letters of the Instagram handle, were Defendant's initials. Videos associated with the account showed Defendant with a firearm, money, and what appeared to be marijuana.

Deshaies then reviewed more than a dozen Instagram posts made on the @rackedupjp_ from June through August 2023. Those posts showed Defendant with guns and money, suggested that Defendant was selling and consuming narcotic cough syrup and marijuana, showed the same Chevrolet Malibu involved in the June 2023 traffic stop, and referred to conversion switches used to convert Glock pistols to automatic firearms. (*Id*. at 3-8). What the posts did not include was any reference to or depiction of the Gay Street Residence.

Based on his "social media investigation," Deshaies sought a no-knock warrant for the Gay Street Residence on August 7, 2023. The warrant was authorized by Allen County, Indiana, Superior Court Magistrate Judge John Bohdan the same day. The parties did not provide the Court with the warrant return, so the Court does not know what officers found during the search or who executed the warrant.

**II.     Legal Discussion**

**A.     *Probable Cause Standard***

A search warrant affidavit establishes probable cause when "considering the totality of the circumstances, there is sufficient evidence to cause a reasonably prudent person to believe that a search will uncover evidence of a crime." *United States v. Harris*, 464 F.3d 733, 737 (7th Cir. 2006). "Probable cause denotes more than a mere suspicion, but does not require certainty." *United States v. Fleischli*, 305 F.3d 643, 651 (7th Cir. 2002). In determining whether there is probable cause to issue a search warrant, the judge's task is "to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Butler*, 71 F.3d 243, 248–49 (7th Cir. 1995) (quotation omitted).

The Seventh Circuit has held that the standard of review of a determination that probable cause exists supporting issuance of a search warrant is "one of affirmance absent clear error by the issuing magistrate." *United States v. Pless*, 982 F.2d 1118, 1124 (7th Cir. 1992). Indeed, "[a] magistrate's determination of probable cause 'is to be given considerable weight and should be overruled only when the supporting affidavit, read as a whole in a realistic and common sense manner, does not allege specific facts and circumstances from which the magistrate could reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated.'" *United States v. Newsom*, 402 F.3d 780, 782 (7th Cir. 2005) (quoting *United States v. Spry*, 190 F.3d 829, 835 (7th Cir. 1999)).

**B.**    ***The Magistrate Committed Clear Error in Finding Probable Cause***

There is no dispute over the content of the anonymous tips or the findings in Deshaies' social media investigation. The parties agree that the only reference to the Gay Street Residence is the March 2023 tip. They agree that the social media investigation corroborated the information in the anonymous tips that Defendant sold drugs and possessed firearms. Where they disagree is whether that corroboration is enough to establish probable cause that the Gay Street Residence would contain evidence of a crime.

A tip from an anonymous informant rarely establishes probable cause for a search warrant; there must be additional indicia of reliability to support probable cause. *Illinois v. Gates*, 462 U.S. 213, 227 (1983); *Alabama v. White*, 496 U.S. 325, 329 (1990) ("an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity"); *United States v. Johnson*, 289 F.3d 1034, 1038 (7th Cir. 2002) (noting that probable cause determinations based on a tip turn on the informant's "reliability, veracity, and basis of knowledge") (abrogated on other grounds). The five factors that inform the analysis include: (1) the degree to which the informant has learned about

4

the events through firsthand observation; (2) the amount of detail provided in the informant's statement; (3) the interval between the date of the events and the police officer's application for the search warrant; (4) the extent to which the police have corroborated the informant's statements; and (5) whether the informant appeared before the magistrate who issued the warrant. *United States v. Hollingsworth*, 495 F.3d 795, 804 (7th Cir. 2007) (addressing a named informant of unknown reliability). "[A] deficiency in one factor may be compensated for by a strong showing in another or by some other indication of reliability." *United States v. Brack*, 188 F.3d 748, 756 (7th Cir. 1999).

The Government focuses on corroboration. It notes that virtually all information about Defendant's drug sales and firearm possession was corroborated by Defendant's subsequent social media posts. The Court agrees—Defendant was selling marijuana and narcotic cough syrup and possessing firearms while doing so. Deshaies never corroborated the specific illegal activity reported, largely because the tips were general in their reports of illegal activity, but he did confirm that Defendant continued to tell anyone who viewed his social media accounts that he had drugs for sale.

But as Defendant notes, the public nature of the evidence used by Deshaies undercuts the Government's corroboration argument. "Absent verification of illegal conduct alleged in a tip, police acting on anonymous tips must verify details not easily ascertained by public observation or future actions of third parties ordinarily not easily predicted." *United States v. Lopez*, 907 F.3d 472, 480 (7th Cir. 2018). All the information verified by Deshaies was "easily ascertained by public observation" because Defendant made the information public. This is, after all, how Deshaies verified the information—he went on Defendant's public Instagram account. The only thing Deshaies verified, then, was that the anonymous tipster had viewed Defendant's Instagram

5

account, had accurately portrayed the activity on the account, and Defendant's online presence remained consistent for many months. This tells the Court little about the tipster's reliability regarding information not disclosed on the Instagram account—like the information about the Gay Street Residence.

And contrary to the Government's arguments, the tip never predicted "future actions" of Defendant. The tip merely summarized Defendant's online activities with vague references to prior drug sales. That Defendant continued to act in conformity to his prior conduct does not make a report of that prior conduct "predictive." Instead, predictive information tells law enforcement specifics about what Defendant will do. *See Gates*, 462 U.S. at 225 (tip provided specific information about defendant's driving plans, flight schedule, and location of buys). That kind of information is lacking.

The remaining factors weigh against a finding that the anonymous tip was reliable. The Court has no information that the tipster obtained any of the information through firsthand observation. Rather, as discussed above, it seems far more likely that most of the information relayed was gleaned from a public social media account.

The tip was not all that detailed. The Court notes that the tip does not identify any instance of illegal conduct. It does not state when, where, to whom, or in what quantities Defendant sold drugs. Rather, it gives general information from Defendant's Instagram account, and vague references to sales where individuals "pull up somewhere around his house." This is not the kind of detail that lends credibility to an anonymous tip.

There was also a long delay between the tips and the application for the warrant. This is particularly true for the information about the Gay Street Residence. By the time Deshaies included

that information in the Affidavit, five months had passed. Whether this information was legally stale (Defendant does not argue it was), the lapse of time weighs against a finding of reliability.

Based on the totality of the circumstances, the Court finds that there is no indicia of reliability for the anonymous tip's report that Defendant was keeping pounds of marijuana at the Gay Street Residence. With no other information tying any criminal activity to that home, the Court concludes that there was no "fair probability that contraband or evidence of a crime" would be found there. *United States v. Gibson*, 996 F.3d 451, 461 (7th Cir. 2021). The magistrate judge committed clear error in finding otherwise. The warrant for the Gay Street Residence was not supported by probable cause.

Still the Government asserts that the search is saved by the good-faith exception established in *United States v. Leon*, 468 U.S. 897 (1984). For his part, Defendant claims that the "basis for the good faith exception may be tied closely to the Court's factual findings concerning the finding, or lack thereof, of probable cause and any reasonable inferences that support that finding." (ECF No. 23 at 5). Defendant, then, seeks the right to brief the good-faith exception after the entry of this opinion and order. The Court will grant that request.

**III.    Conclusion**

For these reasons, the Court concludes that the search warrant issued on August 7, 2023, for the Gay Street Residence was not supported by probable cause. Defendant's brief on the good-faith exception must be filed on or before January 17, 2024. The Government's reply brief on good faith, if any, is due January 31, 2024. Defendant's motion to suppress (ECF No. 17) REMAINS UNDER ADVISEMENT while the parties brief the good faith issue.

SO ORDERED on December 14, 2023.

                                              s/ *Holly A. Brady*
                                              CHIEF JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT