UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:23-CR-55-HAB |
| ) | |
| JAMARRI J. PRICE ) | |

OPINION AND ORDER

Law enforcement searched a home for evidence of Defendant's crimes, relying on a search warrant issued by a state court magistrate. The Court has already found that the warrant was not supported by probable cause. (ECF No. 24). The Court must now decide whether the fruits of the search are saved under the good-faith exception established in *United States v. Leon*, 468 U.S. 897 (1984). The parties have briefed the issue (ECF Nos. 27, 28) and the matter is ripe for ruling.

I.  **Factual Background**

The Court incorporates, by reference, the factual recitation from its last opinion. (ECF No. 24 at 1-3). Stated briefly, law enforcement received an anonymous tip in March 2023 that Defendant was selling marijuana from his mother's home on Gay Street in Fort Wayne, Indiana. Five months later, Detective Deshaies ("Deshaies") of the Fort Wayne Police Department submitted a search warrant application for the Gay Street home. That application documented a traffic stop involving Defendant from June 2023 and Deshaies' "social media investigation," during which Deshaies accessed Defendant's public Instagram account. Deshaies' review of the Instagram account revealed more than a dozen posts suggesting that Defendant was selling and consuming marijuana and narcotic cough syrup. What the posts did not include was any reference to the Gay Street home.

**II.     Legal Discussion**

Because Defendant successfully attacked the legitimacy of the search warrant, the burden then shifts to the Government to establish that the police relied in good faith on the judge's decision to accept the affidavit and issue the warrant. *See Leon*, 468 U.S. at 924. An officer's decision to obtain a warrant is prima facie evidence that he or she was acting in good faith. *See id*. at 921 n. 21. Two ways that the defendant may rebut this prima facie case are by presenting evidence to establish either that: (1) the magistrate "wholly abandoned his judicial role," or otherwise failed in his duty to "perform his 'neutral and detached' function and not serve merely as a rubber stamp for the police"; *id.* at 923, 914; or (2) the officer submitted an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id*. at 923. Defendant relies on the second part.

To determine whether an officer could have relied in objective good faith on the magistrate's decision to issue a search warrant, the Court limits its inquiry to whether the officer could have reasonably believed that the materials presented to the magistrate judge could establish probable cause. *Id.* at 915 & n. 13, 923 n. 23. The Court evaluates an officer's good-faith reliance with an analysis similar to that used in cases involving the affirmative defense of qualified immunity. *See Olson v. Tyler*, 825 F.2d 1116, 1120 (7th Cir. 1987). "Police officers in effecting searches are charged with a knowledge of well-established legal principles as well as an ability to apply the facts of a particular situation to these principles." *United States v. Brown*, 832 F.2d 991, 995 (7th Cir. 1987). When evidence has been obtained pursuant to a subsequently invalidated search warrant, the Court can admit the evidence only if it is convinced, after review, it is appropriate to do so under *Leon*'s exception to the exclusionary rule. That is to say, the Court will admit the evidence unless: (1) courts have clearly held that a materially similar affidavit previously

failed to establish probable cause under facts indistinguishable from those presented here; or (2) the affidavit is so plainly deficient that any reasonably well-trained officer "would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Malley v. Briggs*, 475 U.S. 335, 345 (1986).

The Government advances two basic arguments. First, it notes that Deshaies provided a copy of the search warrant affidavit to a deputy prosecutor before it was submitted to the magistrate judge. Consulting with a prosecutor is one step a responsible and diligent officer can take, and such consultation is, in many ways, exactly what *Leon*'s good-faith exception expects of law enforcement. *See United States v. Pappas*, 592 F.3d 799, 802 (7th Cir. 2010). Indeed, the Supreme Court has held that attorney (and magistrate) approval of a warrant is not "dispositive," but it is "certainly pertinent in assessing whether [an officer] could have held a reasonable belief that the warrant was supported by probable cause." *Messerschmidt v. Millender*, 565 U.S. 535, 547, 554-55 (2012). The added step of submitting the affidavit for review, then, supports a finding of good faith.

The Government's main argument is that, while the warrant may not have been supported by probable cause, the Government need only show an "indicia" of probable cause to allow good faith reliance. (ECF No. 28 at 3) (citing *United States v. Matthews*, 12 F.4th 647, 655 (7th Cir. 2021). So, the Government argues, the warrant may have been defective, but it was close enough.

As noted in the Court's prior opinion, the problem with this warrant was not that Deshaies didn't have probable cause to believe Defendant was breaking the law—Deshaies did, and Defendant was. The problem was with the location. Law enforcement officials have probable cause to search a particular place where "the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found."

3

*Ornelas v. United States*, 517 U.S. 690, 696 (1996). The question now, then, is whether there was even an indicium of probable cause to believe that evidence of contraband would be found at the Gay Street home.

Even crediting Deshaies' choice to run the affidavit by a prosecutor, the Court finds that no reasonably well-trained officer could have believed that probable cause existed to search the Gay Street home. The Government makes the bold statement that Deshaies "did everything he could to obtain a proper warrant," (ECF No. 28 at 6), but the Court finds that he did nothing to tie the Gay Street home to any illegal activity. Deshaies conducted no surveillance. There were no trash pulls. No controlled buys were conducted. No CIs were consulted. No effort was made to determine whether Defendant lived there or even visited—remember, the tip said the Gay Street home belonged to Defendant's mother. Deshaies had one reference to the Gay Street home, made during an anonymous call five months prior, and apparently thought that was all the police work necessary.

If the evidence is to be saved, it can only be because Deschaies' investigation confirmed enough information from the tip to raise at least the specter of credibility. But that didn't occur here. Deshaies didn't conduct police work; he scrolled social media. And yes, that scrolling did uncover illegal activity, but it was activity that was "easily ascertained by public observation." *United States v. Lopez*, 907 F.3d 472, 480 (7th Cir. 2018). As the Court previously held, "[t]he only thing Deshaies verified, then, was that the anonymous tipster had viewed Defendant's Instagram account, had accurately portrayed the activity on the account, and Defendant's online presence remained consistent for many months. This tells the Court little about the tipster's reliability regarding information not disclosed on the Instagram account—like the information about the Gay Street Residence." (ECF No. 24 at 5-6).

The Court has looked in vain through the affidavit and the Government's briefs for anything that would have allowed the reasonable belief that contraband or evidence of a crime would be found at the Gay Street home in August 2023. And the Court places the fault for the lack of information at the feet of Deshaies. It was Deshaies' choice to conduct his entire investigation from behind his computer screen, to conduct no surveillance or other investigatory activities directed at the Gay Street home, and to rely on a stray, half-year-old reference in an anonymous tip. The purpose of the exclusionary rule is to "deter police misconduct." *Matthews*, 12 F.4th at 652. That purpose is well-served here.

### III.     Conclusion

For these reasons, Defendant's motion to suppress (ECF No. 17) is GRANTED. All evidence seized during the search of the Gay Street home, and all statements made by Defendant after the search of the Gay Street home, are suppressed.

SO ORDERED on February 6, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
